# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CIVIL DOCKET NO.: 3:03CV317

ROYAL INDEMNITY COMPANY,     )
         **Plaintiff,**     )
    )
        **vs.**     )     **O R D E R**
    )
KAREN EDWARDS and     )
ANNETTE M. LAWLESS,     )
         **Defendants.**     )
    )

**THIS MATTER** is before the Court on Plaintiff Royal Indemnity Company's Motion For Summary Judgment, filed January 12, 2005. (Documents #15, #16)

In June 2003, Defendant Edwards waived formal service of summons and voluntarily accepted service of the Complaint for Interpleader pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure. (Document #4) The waiver executed by Edwards expressly stated:

> I understand that a judgment may be entered against me if an answer or motion under Rule 12 is not served upon you within 60 days after 28 July 2003.

(Waiver, at 2.) Edwards never filed an Answer or any other responsive pleading.[1]

More than a year later, Plaintiff obtained leave of the Court, and filed an Amended Complaint on September 28, 2004. (Documents #9-#12) Plaintiff's Amended Complaint asserted a claim for declaratory judgment rather than interpleader given that neither defendant indicated any opposition to Plaintiff's legal position or took any other steps towards resolution of the interpleader action. Defendants' Answers were due on or before October 12, 2004, but Defendant Edwards never responded.[2]

---

[1] Plaintiff did not move for entry of default pursuant to FED. R. CIV. P. 55(a).

[2] There is no proof that Defendant Edwards was ever actually served with a copy of the Amended Complaint.

On April 5, 2005, this Court issued a <u>*Roseboro*</u> notice to Defendant Edwards, who is proceeding *pro se.* (Document #18) On June 1, 2005, the undersigned issued a second order directing that the April 5, 2005 Order be reprocessed and mailed to Defendant's only known address. (Document #19) The record reflects that the June 1, 2005 Order was mailed to Defendant Edwards at the Davie, Florida address, by certified mail, return receipt requested. The documents have since been returned to the Clerk's Office marked "UNDELIVERABLE / UNCLAIMED."

Defendant Edwards has not notified the Court of any change in address and the Court does not have any means of contacting Defendant Edwards. Defendant Edwards has not taken any action since executing the waiver and accepting service of the original complaint. Therefore, the Court finds that Edwards is in default and has effectively waived any interest she may have in the property that is the subject of this action.[3]

More importantly, for the reasons described within Plaintiff's motion for summary judgment, memorandum in support, exhibits, and applicable legal authority, which are incorporated herein by reference, summary judgment is properly <u>granted</u> in favor of Defendant Lawless. In other words, the Court finds, as a matter of law, that Defendant Annette M. Lawless is entitled to the entire pre-retirement spousal annuity.

**IT IS HEREBY ORDERED THAT** Plaintiff Royal Indemnity Company's Motion For Summary Judgment Seeking Declaratory Judgment is hereby **GRANTED**. Accordingly, the Court finds, as a matter of law pursuant to Rule 56 of the Federal Rules of Civil Procedure, that Defendant Lawless is entitled to receive one-hundred per cent (100%) of the pre-retirement survivor annuity to the exclusion of Defendant Edwards.

---

[3] In addition, assuming actual service of the Amended Complaint asserting a claim for declaratory judgment on Defendant Edwards, Plaintiff's Amended Complaint only changed the nature of the action as opposed to adding new claims or modifying the type of relief sought.

**Signed: September 2, 2005**

Richard L. Voorhees
United States District Judge